

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00049-CR

**HARVIE DAVID HENSLEY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2008-853-C2**

## MEMORANDUM OPINION

Harvie David Hensley was charged by indictment with ten counts of possession of child pornography. He filed a motion to suppress all the evidence seized by law enforcement officers or others in connection with the investigation of the case and his arrest, as well as any testimony by law enforcement officers concerning such evidence. The trial court denied the motion. Thereafter, pursuant to a plea bargain, Hensley pleaded guilty to counts one and two of the indictment, and the State waived counts

three through ten. The trial court then sentenced Hensley to eight years' confinement for each of the two counts. In one issue, Hensley appeals. We will affirm.

On November 7, 2007, Thomas Frost, a police officer for McLennan Community College, took a statement from a teacher and several students about threats Hensley had made concerning hand grenades and possibly bringing weapons to school. One of the students also showed Frost pictures from Hensley's MySpace page in which Hensley was dressed in body armor and handling firearms. Frost therefore obtained a search and arrest warrant for Hensley's residence. During the execution of the search warrant, two desktop computers and seven CD-ROMs labeled "pics" were seized.

Hensley was arrested at his place of employment. His vehicle was parked in the parking lot of his workplace, so the police impounded and inventoried the vehicle. Frost stated that it is their policy that "once we make an arrest and leave someone's car abandoned, we may become liable, so we always have it impounded and inventoried." Inside the vehicle, the police found a laptop case with a laptop inside of it. Seven CD-ROMs were also located inside the laptop case and were taken into custody. All of the computers and media from inside the residence and the car were turned over to the Waco Police Department.

Richard Ashby, a police officer for the Waco Police Department, subsequently previewed the seven CDs that had the title of "pics" on them. The image names themselves were suspicious, and after Ashby actually saw the images, he contacted Frost and advised him that he had found contraband that was not listed in the original search warrant. Frost went to Ashby's office, and Ashby showed him some of the

images on one of the CDs labeled "pics" that had been seized from Hensley's residence. Frost then obtained a second search warrant for child pornography. The second search warrant included all of the computer and media that had previously been seized from Hensley's residence and car. Frost stated that it was his understanding that, pursuant to the second search warrant, they "went through the rest of the stuff and found some other incriminating evidence."

In his sole issue, Hensley contends that the trial court erred in denying his motion to suppress because the impoundment of his vehicle, which yielded the prohibited pictures, was an illegal seizure. The State responds that the propriety of the impoundment of Hensley's vehicle and the resulting inventory search is immaterial because the evidence shows that the CD-ROMs containing child pornography were not found in the search of Hensley's vehicle but rather in Hensley's home pursuant to a warrant, the validity of which is unchallenged on appeal. We agree with the State.

We will assume without deciding that the trial court erred in denying Hensley's motion to suppress all evidence seized from his vehicle because the impoundment of the vehicle was an illegal seizure. We review the harm resulting from a trial court's erroneous denial of a motion to suppress under the constitutional standard of Rule of Appellate Procedure 44.2(a). *See Hernandez v. State*, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001). Constitutional error requires reversal of a judgment of conviction or punishment unless the reviewing court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a). In applying the "harmless error" test, our primary question is whether there is a "reasonable

possibility" that the error might have contributed to the conviction. *See Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g).

Hensley states in his brief that the CD-ROMs containing the prohibited pictures were the only evidence of the crime in this case. Officer Frost testified that he was sure that the CD-ROMs labeled "pics" were seized from Hensley's home and that when he went to the Waco Police Department, Officer Ashby showed him one of the CD-ROMs labeled "pics," which contained incriminating images.[1] Officer Ashby also testified that the CD-ROMs labeled "pics," or the CD-ROMs that had the title of "pics" on them, contained the child pornography. Therefore, denying Hensley's motion to suppress all evidence seized from his vehicle was harmless because the evidence that formed the basis for Hensley's indictment and eventual plea did not result from the search of his vehicle but from the search of his residence.

We overrule Hensley's sole issue and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed March 23, 2011
Do not publish
[CR25]

---

[1] Officer Frost did admit that the warrant returns were not accurate; however, contrary to what Hensley states in his brief, Frost never changed his statement that the CD-ROMs containing the child pornography were seized from Hensley's residence.